ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:20-cv-1588

ANDY NORWOOD,

        Plaintiff,

v.

JAMPP, INC. and ANDREW WHITESIDE, an individual,

        Defendants.

# COMPLAINT

## INTRODUCTION

1. In response to Colorado resident Plaintiff Andy Norwood ("Plaintiff") making a demand for the wages to which he was lawfully entitled, the California Defendants not only refused to timely pay him, in contravention of Colorado wage law, but also retaliated against him by wrongfully and frivolously accusing him of violating the California law-based confidentiality agreement he had signed with the company. This accusation was addressed not only to him but also to his new employer. In so doing, Defendants not only violated the Colorado wage law's anti-retaliation provision, but they also breached the implied covenant of good faith and fair dealing that is implied into every California contract.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1332, by virtue of diversity. The Defendants are California residents and the Plaintiff is a Colorado resident. The amount in controversy exceeds $75,000.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendants pursuant to F.R.C.P. 4(k)(1)(A) and C.R.S. §§ 13-1-124(1)(a) & (b).

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b). A significant portion of the events giving rise to the instant litigation occurred in Colorado, where Plaintiff's work was based.

## PARTIES

**Defendant Jampp, Inc.**

6. Defendant **Jampp, Inc.** ("Jampp") is a California corporation whose principal place of business is located at 650 California Street, 7th Floor, San Francisco, CA 94108. Its registered agent is listed with the Colorado Department of State as CT Corporation System with an address of 650 California St., San Francisco, CA 94108.

**Defendant Andrew Whiteside**

7. Defendant Andrew Whiteside, an individual, resides in the Bay Area, California, upon information and belief.

8. At all times material to this action, Defendant Whiteside actively participated in the business of the corporation.

9. At all times material to this action, Defendant Whiteside exercised substantial control over the functions of the company's employees including Plaintiff. For example, he had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Norwood v. Jampp*
USDC, District of Colorado

Complaint
Page 2

10. At all times material to this action, Defendant Whiteside was an "employer" of the Plaintiff, as defined by C.R.S. § 8-4-101(6).

**Plaintiff Andy Norwood**

11. Plaintiff Andy Norwood is a resident of Evergreen, Colorado.

12. Plaintiff Norwood worked for Jampp as a Senior Account Executive from May 1, 2019 to April 9, 2020.

13. At all times material to this action, Plaintiff Norwood was an "employee" within the meaning of C.R.S. § 8-4-101(5)

14. Plaintiff's primary supervisor was Andrew Whiteside.

15. Plaintiff's compensation arrangement was such that he earned a salary and an earned bonus in addition.

16. While in this position, Mr. Norwood's compensation was on a salary basis with nondiscretionary bonus compensation, which was detailed in his May 23, 2019 offer letter.

17. According to the agreement, bonuses are to be paid for half a year's work, payable three months after the close of the period at issue. For 2019 Q3/Q4, he earned a total of $24,600 in bonuses. This amount should have been paid at the end of March 2020.

18. Plaintiff voluntarily resigned his employment on April 9, 2020.

19. On April 9, 2020, in writing, Plaintiff made a demand for "$25,101.97 + Paycheck for April days worked," addressed to Defendant Whiteside.

20. The Defendants did not tender payment for the amount demanded within 14 days of April 9, 2020.

21. By email dated April 20, Defendant Whiteside responded to the Plaintiff, by indicating that the Defendants did not intend to pay the $24,600 bonus.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Norwood v. Jampp*
USDC, District of Colorado

Complaint
Page 3

22. Through counsel, Plaintiff propounded an additional letter dated April 30, 2020, demanding payment of the owed wages along with the statutory penalties associated therewith that were also due and owing.

23. Shortly thereafter, Defendants sent a check directly to the Plaintiff, for an amount supposedly equal to the back wages owed, even though they were aware that Plaintiff had hired counsel and that additional monies were owed.

24. In addition, Defendants' attorney sent a "cease and desist" letter seeking to improperly constrain Plaintiff's work activities at his new employer and accusing him of violating a Confidentiality Agreement he had signed with Jampp. In addition to sending a letter to the Plaintiff, though his counsel, defense counsel also sent another letter to Plaintiff's new employer, making various accusations. In both, threats of legal action were insinuated.

25. California law prohibits "non-compete" agreements.

26. Jampp and Plaintiff's new employer are competitors.

27. At least two other previous Jampp employees went to work for Plaintiff's new employer.

## LEGAL CLAIMS

### As And For A First Cause of Action:
**COLORADO WAGE ACT VIOLATIONS**

28. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

29. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1(2).

    a. Plaintiff is an "employee" and Defendants are "employers" under the FLSA.

    b. Defendants employed the Plaintiff in a business or enterprise that sells or offers for

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Norwood v. Jampp*
USDC, District of Colorado

Complaint
Page 4

sale a service, commodity, article, good real estate, wares or merchandise to the consuming public, and generates 50% or more of its annual dollar volume of business from such sales, and therefore in an industry regulated by the Wage Order. 7 C.C.R. §1103-1(2)(A).

30. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

***Failure to Pay Wages When Due***
**(Violation of the C.R.S. § 8-6-103)**

31. As described above, Defendants failed to pay Plaintiff all his earned wages when due.

***Failure to Pay All Earned Wages***
**(Violation of the C.R.S. § 8-6-109)**

32. Plaintiff has been separated from employment with Defendants.

33. As described above, Defendants have failed to pay Plaintiff all his wages and compensation earned during his employment.

***Damages***

34. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Second Cause of Action:**
**COLORADO WAGE ACT - RETALIATION**

35. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

36. Plaintiff made a written demand for the payment of his due and owing wages to his

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Norwood v. Jampp*
USDC, District of Colorado

Complaint
Page 5

immediate superior, Andrew Whiteside.

37. By making this demand for wages, Plaintiff engaged in a statutorily protected activity.

38. Defendants did not remit payment to Plaintiff for the owed wages within 14 days of his demand.

39. Especially by contacting his new employer and intending to interfere with the conduct of his professional pursuits, Defendants were intentionally engaging in retaliatory behavior against the Plaintiff, in retaliation for his decision to make a demand for the wages he was owed.

40. Defendants violated the provisions of § 8-4-120, by discriminating against Plaintiff for exercising rights protected under the Act.

41. As a result of these violations by Defendant of the CWA, the Plaintiff is entitled to damages, in an amount to be determined at trial.

### As And For A Third Cause of Action:
### CALIFORNIA - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

42. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

43. The Confidentiality Agreement between Plaintiff and Jampp contains a California choice of law provision. As such, this agreement is bound by California law.

44. California law does not permit "non-compete" agreements.

45. California law recognizes a cause of action for the Breach Of Implied Covenant Of Good Faith And Fair Dealing.

46. The terms of the agreement pertain to the disclosure of trade secrets and similar. They did not pertain to being used as leverage to be used should the signatory leave the company,

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Norwood v. Jampp*
USDC, District of Colorado

Complaint
Page 6

especially leverage regarding the payment of owed wages.

47. California law prohibits "non-compete" agreements.

48. Jampp and Plaintiff's new employer are competitors.

49. At least two other previous Jampp employees went to work for Plaintiff's new employer.

50. By making the unfounded accusations that they did in relation to this contract, Defendants breached the implied covenant. The Defendants' intention was to intimidate Plaintiff and/or retaliate against him for pursuing his wage claim, and/or to use his departure from the company and decision to join a competitor as an opportunity to de facto create a "non-compete" situation where one not only did not exist, but could not have existed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award Plaintiff unpaid and underpaid wages due under the Colorado Wage Laws;

(B) Award Plaintiff statutory damages as provided for by Colorado law;

(C) Award Plaintiff appropriate damages for the retaliatory acts taken against him, including emotional distress, other appropriate actual, general, or compensatory damages, and punitive damages, in an amount to be determined at trial;

(D) Award Plaintiff appropriate damages for the Defendants' breach of the implied covenant of good faith and fair dealing; and

(E) Award Plaintiff interest; and

(F) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Norwood v. Jampp*
USDC, District of Colorado

Complaint
Page 7

by jury on all questions of fact raised by the complaint.

    Respectfully submitted, this **3rd** day of **June, 2020.**

                      ANDERSONDODSON, P.C.

                      s/ Penn Dodson
                      **Penn A. Dodson**
                      *penn@andersondodson.com*
                      11 Broadway, Suite 615
                      New York, NY  10004
                      (212) 961-7639 tel.
                      (646) 998-8051 fax

                      Attorneys for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Norwood v. Jampp*
USDC, District of Colorado

Complaint
Page 8